# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **CASI N. BLAKELY**, | ) | **Complaint** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **CIVIL ACTION CASE NUMBER:** |
| **UNITED STATES OF AMERICA AND CHRISTOPHER W. ASARISI** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES Now, the Plaintiff, Casi Blake, and hereby states the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1346.

2. This Court has personal jurisdiction over all the Defendants in this action because the acts and omissions that are the basis of this lawsuit occurred in Jefferson County, Alabama, which is within the Northern District of Alabama.

3. Venue is proper pursuant to 28 U.S.C.A. § 1391(b)(2) because a substantial part of the acts and omissions that are the basis of this lawsuit occurred in Jefferson County, Alabama, which is within the Northern District of Alabama.

### PARTIES

4. Plaintiff, Casi Blakely, is an individual residing in Jefferson County, Alabama.

5. On information and belief, Defendant Christopher Asarisi is an individual who, at the time of the allegations in this Complaint, was an employee of the United States Marshals

Service, acting within the scope of his employment with the USMS, and with knowledge and consent of the USMS at the time the subject incident occurred. Plaintiff further alleges that the vehicle operated by Defendant Christopher Asarisi at the time of the subject incident was and/or is owned by and under the control of Defendant United States of America (United States). Plaintiff brings this lawsuit against Defendant Christopher Asarisi in his individual capacity.

## EXHAUSTION OF REMEDIES

6. Plaintiffs has complied with the provisions of the Federal Tort Claims Act in that on or about December 31, 2020, Plaintiff duly submitted a claim for damages of $200,000.00 to the USMS, which date was less than one (1) year from the date that the claims alleged in this case arose.

7. The USMS failed to make a final disposition of the Plaintiff's claim within six months of December 31, 2020. Plaintiff hereby exercises her option, pursuant to 28 U.S.C.A. § 2675(a), to deem the claim as denied.

## FACTS

8. On August 24, 2020, Plaintiff Casi Blakely was driving her 2003 Volkswagen Passat GLS, in Jefferson County, Alabama.

9. A friend of Ms. Blakely's, Javonte Hurst, called Ms. Blakely and asked if she could pick Mr. Hurst and drive him to pick up his daughter.

10. Ms. Blakely drove to Chateau Glen Oaks, in Fairfield, Alabama, where she waited for several minutes in her vehicle for Mr. Hurst.

11. Eventually, Mr. Hurst arrived, along with a female who Ms. Blakely did not know.

12. Mr. Hurst identified the unknown female as a friend and asked Ms. Blakely if she could ride in Ms. Blakely's vehicle. Ms. Blakely agreed.

13. After leaving Chateau Glen Oaks, Ms. Blakely travelled approximately two miles to the onramp of I-59 North.

14. Ms. Blakely proceeding onto the on ramp and began to accelerate her vehicle in preparation to move with the traffic on I-59.

15. As Ms. Blakely was approaching I-59, a 2018 Dodge RAM sped past the side of Ms. Blakely's vehicle, swerved in front of her, and abruptly stopped in front of her.

16. The truck did not have any sirens or lights activated.

17. The truck was not "marked" as a law enforcement vehicle.

18. Immediately after the truck stopped, Ms. Blakely slammed on her breaks, but was unable to avoid colliding with the rear end of the truck.

19. Ms. Blakely's head hit the steering wheel and she immediately felt pain in her neck and back.

20. After the collision, Defendant Christopher Asarisi and another United States Marshal exited the truck with guns drawn.

21. Defendant Christopher Asarisi pointed a gun at Ms. Blakely and ordered her to exit the vehicle.

22. Ms. Blakely exited the vehicle and followed Defendant Asarisi's instructions to lie on the ground.

23. Shortly thereafter, Defendant Asarisi placed handcuffs on the unknown female passenger in Ms. Blakely's vehicle.

24. No Alabama or Jefferson County law enforcement officers were present at the time of the collision.

25. Defendant Asarisi was not engaged in a "joint operation," or any equivalent operation, with the Jefferson County Sheriff's Department or Bessemer Police Department.

26. The female passenger unknown to Ms. Blakely at the time of the accident is Alexus Shade Williamson.

27. On August 7, 2020, a Magistrate Judge for the Bessemer Division of the Jefferson County District Court issued a warrant for the arrest of Alexus Shade Williamson.

28. The warrant was directed to, and only authorized, law enforcement officers of the State of Alabama.

## COUNT I: BATTERY

29. Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

30. Plaintiff alleges this claim of Battery against Defendant United States pursuant to the Federal Tort Claims Act.

31. On August 24, 2020, Christopher Asarisi unskillfully, negligently, recklessly and intentionally touched Plaintiff Casi Blakely by maneuvering a 2018 Dodge RAM in front of the Plaintiff's vehicle, and caused the vehicles to collide.

32. Christopher Asarisi intended for the 2018 Dodge Ram to collide with the Plaintiff's vehicle, an extension of the Plaintiff herself.

33. Christopher Asarisi touched the Plaintiff in an unlawful and harmful manner.

34. At all times material to these allegations, Christopher Asarisi was an employee of the United States Marshal Service.

35. At all times material to these allegations, Christopher Asarisi was acting within the scope of his employment with the United States Marshal Service.

36. As a direct and proximate result of Christopher Asarisi's unskillful and intentional actions, Plaintiff suffered personal injuries, pain, suffering, property damage, and other damages.

## COUNT II: TRESPASS

37. Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

38. Plaintiff alleges this claim of Trespass against Defendant United States pursuant to the Federal Tort Claims Act.

39. On August 24, 2020, Christopher Asarisi unskillfully and intentionally caused a collision with Plaintiff's property, a 2003 Volkswagen Passat GLS.

40. Plaintiff's property sustained damages and was towed from the scene.

41. Plaintiff was not able to drive the vehicle ever again.

42. Plaintiff was deprived the use of the property for a substantial period of time.

43. At all times material to these allegations, Christopher Asarisi was an employed of the United States Marshal Service.

44. At all times material to these allegations, Christopher Asarisi was acting within the scope of his employment with the United States Marshal Service.

## COUNT III: UNREASONABLE SEIZURE

45. Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

46. Plaintiff alleges this claim of unreasonable seizure against Defendant Christopher Asarisi in his individual capacity.

47. On August 24, 2020, Defendant Christopher Asarisi was acting within his scope of employment of the United States Marshal Service and "under the color of federal law"

when he violated Plaintiff Casi Blakely's right to be free from an unreasonable seizure guaranteed by the 4th and 14th Amendment of the Unites States Constitution.

48. Defendant Asarisi's misconduct directly and proximately caused Plaintiff to suffer injury including bodily injury, property damage, pain and suffering, shock, extreme emotional distress, and humiliation.

## COUNT IV: EXCESSIVE FORCE

49. Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set for herein.

50. Plaintiff alleges this claim of excessive force against Defendant Christopher Asarisi in his individual capacity.

51. On August 24, 2020, Defendant Christopher Asarisi was acting within his scope of employment of the United States Marshall Service and "under the color of federal law" when he violated Plaintiff Casi Blakely's right to be free from unreasonably and excessive use of force as guaranteed by the 4th and 14th Amendment of the United States Constitution.

52. Defendant Asarisi's misconduct directly and proximately caused Plaintiff to suffer injury including bodily injury, property damage, pain and suffering, shock, extreme emotional distress, and humiliation.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. Compensatory general damages against each Defendant in the amount proven at trial;

2. Compensatory special damages including, but not limited to, medical expenses, and lost income.

3. Punitive and exemplary damages against Defendant Christopher Asarisi in an amount appropriate to punish Defendant Asarisi and deter other from engaging in similar misconduct;

4. Costs of suit;

5. Reasonable attorney's fees; and

6. For such other and further relief as the Court may deem proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY
ON ALL ISSUES SO TRIABLE**

DATED: August 24, 2022.

        Respectfully submitted,

        /s/ *Zachary P. Trader*
        Zachary P. Trader asb-1514-d29y
        Attorney for Plaintiff

**OF COUNSEL:**
SLOCUMB LAW FIRM, LLC
2 North 20th Street, Suite 1320
Birmingham, Alabama 35203
Tel. No. (205) 378-0566
Fax No. (205) 378-6889
Email: ztrader@slocumblaw.com